# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: M.B.

No. 16-0512 (Kanawha County 15-JA-257)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.C., by counsel Matthew A. Victor, appeals the Circuit Court of Kanawha County's May 16, 2016, order terminating her parental rights to three-year-old M.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Sandra K. Bullman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition and alleged that petitioner abused her child because she failed to provide the child with food, clothing, diapers and a safe and stable home. The DHHR also alleged that petitioner's substance abuse issues prevented her from being an appropriate parent. According to the petition, after petitioner left the child in the maternal grandmother's care for a period of time, she returned to retrieve the child and physically attacked the grandmother. As a result of the attack, the grandmother filed a domestic violence petition against petitioner. Petitioner was subsequently arrested on unrelated charges of breaking and entering and resisting arrest. The DHHR further alleged that, at the time of petitioner's arrest, the child was wearing the same clothes he had been wearing when petitioner retrieved him from the grandmother approximately two days earlier. The DHHR noted that the child, his clothes, and his car seat were soaked in urine. The DHHR further noted that "[i]t seemed as if she had never taken him out of the car seat the whole time." The DHHR also

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

alleged that, while in petitioner's care, the child walked across a road and onto another person's property at a mobile home park. According to the DHHR, the child fell into a fish pond on the property and a disabled resident used her cane to hold the child's head above the water. The disabled resident called for help for a period of time before petitioner arrived at the fish pond. Petitioner pulled the child out of the pond and spanked him. The DHHR further alleged that the child was observed putting a loaded handgun into his mouth. Petitioner was also observed shaking the child to get him to stop crying.

In September of 2015, petitioner waived her right to a preliminary hearing and moved to receive services from the DHHR. The circuit court granted her motion and ordered that the DHHR provide petitioner with adult life skills and parental education classes. Petitioner also moved the circuit court to return the child to her custody immediately, despite testing positive for drugs at the hearing. The circuit court found that returning the child to petitioner's custody was contrary to his best interests and ordered that petitioner submit to random drug screens. The circuit court also ordered supervised visitation between petitioner and the child.

In January of 2016, petitioner failed to appear in person or by counsel for a previously scheduled adjudicatory hearing, as such, the hearing was continued. In March of 2016, the circuit court held an adjudicatory hearing wherein petitioner failed to appear in person but appeared by counsel. Petitioner's counsel moved the circuit court to continue the hearing but the motion was denied. The DHHR presented evidence that petitioner was non-complaint with services, did not visit the child, and failed random drug screens. After hearing the evidence presented and the argument of the parties, the circuit court found, by clear and convincing evidence, that petitioner abused the child.

In May of 2016, the circuit court held a dispositional hearing wherein petitioner failed to appear in person but was represented by counsel. The DHHR moved the circuit court to consider all prior evidence submitted and the motion was granted. A DHHR worker testified that petitioner initially participated in services but her attendance was irregular, and at the time of the hearing, she had stopped attending supervised visits with the child, stopped participating in parenting skills classes, and failed to report for random drug screening. The circuit court found that petitioner had not visited the child since approximately Thanksgiving of 2015 and that she abandoned the child and the abuse and neglect proceedings. Based upon its findings, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and the termination of petitioner's parental rights was in the child's best interests. The circuit court terminated petitioner's parental rights by order dated May 16, 2016. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court abused its discretion in terminating her parental rights because her abuse of the child was limited to her drug abuse, that she participated in services, and that she was a "good candidate" for an improvement period. While petitioner contends that terminating her parental rights was "overly harsh and unjustified," the record is clear that she was unwilling and unable to properly parent her child. Specifically, the circuit court found that that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

It is clear from the record that petitioner continued to abuse drugs throughout the proceedings, failed drug screens. It is also clear that petitioner failed to follow through with services, visit the child, and attend scheduled hearings. Based upon petitioner's conduct, the circuit court found that petitioner abandoned the child and the proceedings. As such, petitioner's continued drug abuse and failure to participate in services provided the circuit court with sufficient grounds for its finding that the conditions of neglect or abuse could not be substantially corrected and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), the circuit courts are directed to terminate parental rights upon these findings.

Petitioner also contends that the circuit court erred in terminating her parental rights to the child without granting her an improvement period. We disagree. Pursuant to West Virginia Code § 49-4-610

> the court *may* grant an improvement period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) the respondent moves in writing for the improvement period, [and] when (B) the respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period.

(Emphasis added.) We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, the record does not support petitioner's assertion that she filed a written motion requesting an improvement period. Nonetheless, petitioner failed to meet her burden of proof of her likelihood to fully comply. Although the circuit court granted petitioner supervised visitation with the child, the circuit court heard testimony that she failed to regularly attend visits during the underlying proceedings. The circuit court also heard evidence that petitioner failed to participate in services and failed random drug screens. According to the record, petitioner presented no evidence that she was likely to fully participate in an improvement period. On the contrary, petitioner demonstrated that she was unwilling or unable to correct the conditions of abuse and neglect. As such, we find no error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 16, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II